IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE JET HOMELOANS                §
VENTURES, LLC,                     §            Civil Action No. 3:21-CV-2214-D
                                   §
                    Petitioner.    §

MEMORANDUM OPINION
AND ORDER

Petitioner Jet HomeLoans Ventures, LLC ("Jet") moves to remand this removed

proceeding brought in Texas state court under Tex. R. Civ. P. 201.2 and Tex. Civ. Prac. &

Rem. Code Ann. § 171.086 (West 2019). For the reasons explained, the court concludes that

it lacks subject matter jurisdiction and grants the motion.

I

Jet and PrimeLending Ventures Management, LLC ("PLVM") are currently involved

in arbitration. In the course of the arbitration proceeding, Jet sought certain documents and

information from PLVM. But the documents and information were in the possession of

PrimeLending, Inc. ("PrimeLending"), the parent of PLVM.[1] When the arbitral panel issued

to PrimeLending a subpoena for the documents, PrimeLending refused to comply.

Jet then turned to a Texas state court in Dallas County, Texas to obtain the documents

and information via a subpoena *duces tecum* and subpoena to PrimeLending for the

---

[1]PrimeLending is referred to on ECF as "PrimeLending, Inc.," but it is referred to in
the briefing as "PrimeLending" or "PrimeLending, a PlainsCapital Company." *See* Mot. to
Remand 5 (referring to PrimeLending as "PrimeLending"); Notice of Removal 1 (referring
to PrimeLending as "PrimeLending, a PlainsCapital Company"). These names all appear to
refer to the same entity.

production of documents and a deposition of a PrimeLending corporate representative.  Jet filed an original petition for issuance of Texas subpoenas under Tex. R. Civ. P. 201.2 and Tex. Civ. Prac. & Rem. Code Ann. § 171.086, "requesting that the Court issue a subpoena duces tecum and a subpoena for deposition to PrimeLending in support of the Arbitration." Orig. Pet. ¶ 13.

Rule 201.2, entitled "Depositions in Texas for Use in Proceedings in Foreign Jurisdictions," provides:

> If a court of record of any other state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's oral or written deposition testimony in this State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State.

Section 171.086, entitled "ORDERS THAT MAY BE RENDERED," provides, in pertinent part, in § 171.086(b)(3)(A):

> During the period an arbitration is pending before the arbitrators or at or after the conclusion of the arbitration, a party may file an application for a court order, including an order . . . to require the issuance and service under court order, rather than under the arbitrators' order, of a subpoena, notice, or other court process . . . in support of the arbitration[.]

The Texas state court granted Jet's petition.  PrimeLending then filed a notice of removal based on federal question jurisdiction, under 28 U.S.C. § 1331, and diversity jurisdiction, under 28 U.S.C. § 1332.

Jet now moves to remand this matter, and PrimeLending opposes the motion.  The court is deciding the motion on the briefs.

- 2 -

II

"Federal courts are courts of limited jurisdiction.  [A court] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (footnoted omitted).  The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995) (citations omitted).  "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

III

To exercise jurisdiction in this removed matter, the court must have subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332.[2]  The court first considers whether PrimeLending has established that this case is removable based on federal question jurisdiction under § 1331.

---

[2]Jet posits that PrimeLending is not a "defendant" in the state court proceeding and cannot remove this matter because, under 28 U.S.C. § 1441, only a "defendant or defendants" can remove a case.  Mot. to Remand 9.  The court does not reach this procedural argument because it concludes that it lacks subject matter jurisdiction under § 1331 and § 1332.

A

PrimeLending maintains that the court has federal question jurisdiction because this case turns on an interpretation of § 7 of the Federal Arbitration Act ("FAA"). PrimeLending posits that § 7 presents a federal question because it "is the foundation of Jet's authority to file this case"—it gives Jet the ability to petition a federal court to compel compliance with a subpoena. Notice of Removal 4. PrimeLending also contends that, although the Fifth Circuit has stated that the FAA is not a basis of federal question jurisdiction by itself, its holdings have related to other sections of the statute, not to § 7.

Jet posits that the law is well-settled in the Fifth Circuit that the FAA cannot be a basis for federal question jurisdiction, and, even if the Fifth Circuit has not held that the FAA cannot be a basis for federal question jurisdiction in the context of § 7, other circuits addressing § 7 have reached this conclusion.

B

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'" *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 619 (N.D. Tex. 2007) (Fitzwater, J.) (alteration in original) (internal quotation omitted) (quoting *Ervin v. Stagecoach Moving & Storage, Inc*., 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.)); *see Carpenter*, 44 F.3d at 366 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) ("A determination that a cause of action presents a federal question depends

upon the allegations of the plaintiff's well-pleaded complaint."). The well-pleaded complaint rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, even if federal claims are available, a plaintiff (in this case, a petitioner) may remain in state court by relying exclusively on state law. *See id.*

The federal question must be present on the face of the complaint (i.e., the state court petition). "A federal claim does not exist simply because facts are available in the complaint to suggest such a claim." *Tex. Dep't of Protective & Regulatory Servs. v. Mitchell-Davis*, 2007 WL 4334016, at *2 (N.D. Tex. Dec. 11, 2007) (order) (Fitzwater, C.J.) (first citing *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988)); and then citing *Chavez v. McDonald's Corp.*, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (Fitzwater, J.) (holding that plaintiff had not alleged federal-law claim even though he referred at one point to exhausting his administrative remedies under federal law, where he otherwise clearly alleged that his claims were based on Texas statutory or common law). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and not merely by way of an anticipated defense. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks omitted); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("Yet the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction."). In other words, the "[p]laintiff's petition must itself establish that the case arises under federal law. This means

that a right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action." *Breathwit v. City of Terrell Civil Serv. Comm'n*, 2001 WL 1801174, at *1 (N.D. Tex. Dec. 5, 2001) (Fitzwater, J.) (internal citation omitted).

C

The court raises *sua sponte* that Jet's state-court petition fails to plead a federal question claim. *See, e.g., Bacon v. Sw. Airlines Co.*, 997 F. Supp. 775, 778 (N.D. Tex. 1998) (Fitzwater, J.) ("[T]he court must raise its own lack of subject matter jurisdiction even if a party does not.").[3]  Jet filed its petition in state court asking that court to issue subpoenas pursuant to Tex. R. Civ. P. 201 and Tex. Civ. Prac. & Rem. Code Ann. § 171.086. PrimeLending maintains that the FAA is the "foundation of Jet's authority to file [the state] case," Notice of Removal 4, but that assertion is incorrect.  As reflected in Jet's original petition (i.e., its well-pleaded complaint), a *Texas* procedural rule and statute are the foundation of Jet's authority to file the petition in state court.  Jet filed the original petition for issuance of a subpoena in Texas state court using a specific procedure authorized under Texas law.  No federal claim is present on the face of Jet's original petition (i.e., its well-pleaded complaint).

---

[3]Because Jet's original petition does not allege a claim based on the FAA or other federal law, the court need not address whether § 7 of the FAA could be the basis for federal question jurisdiction under § 1331.

IV

The court next considers whether PrimeLending has established that this case is removable based on diversity jurisdiction under § 1332.[4]

A

Jet moves to remand on the ground that PrimeLending has failed to establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Jet posits that PrimeLending's allegations regarding the amount in controversy are vague and conclusory. And to the extent they are not, Jet maintains that PrimeLending cannot rely on the amount in dispute *in the underlying arbitration* to support its allegation as to the amount in controversy *in this matter*—it must look to the value of the object of this litigation, i.e., the information sought by the subpoenas. Finally, Jet asserts that, after it disputed the amount in controversy in its motion to remand, PrimeLending failed to demonstrate that it is facially apparent that the amount in controversy exceeds the jurisdictional threshold and failed to provide any competent proof establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

_____

[4]Jet's argument that PrimeLending is not a defendant, *see supra* note 2, appears to challenge whether PrimeLending can remove this matter under 28 U.S.C. § 1441 rather than whether Jet and PrimeLending are completely diverse parties. In any event, for purposes of determining whether the parties are completely diverse, the court aligns Jet as the plaintiff and PrimeLending as a defendant. *See Peters v. Standard Oil Co. of Tex.*, 174 F.2d 162, 163 (5th Cir. 1949) ("It is well settled that federal courts are not bound by the alignment of the pleader as to parties plaintiff or defendant; but that they will work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction.").

- 7 -

PrimeLending counters that it has alleged that the underlying arbitration seeks more than $1 million and that the information Jet seeks by subpoena is "imperative" to resolution of its case.[5]  Pet'r Resp. 12-13.  PrimeLending contends that these allegations are sufficient to show that the information Jet requests by subpoena exceeds the sum of $75,000, exclusive of interest and costs, and it points to other courts that have held that similar allegations are sufficient.  PrimeLending maintains that the case law Jet cites for the proposition that PrimeLending cannot rely on the amount in controversy in the underlying arbitration to establish the amount in controversy of a subpoena is distinguishable.

B

For this case to be removable based on diversity of citizenship, PrimeLending must establish that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Although this matter involves discovery sought under Texas law in an underlying arbitration proceeding, in the area of "actions seeking

_____

[5]PrimeLending also argues that it has established the amount in controversy not only from Jet's (the plaintiff's) perspective, but also from its (the defendant's) perspective.  But the court determines the amount in controversy from the plaintiff's perspective and therefore looks only to PrimeLending's allegations concerning the value of the object of litigation (i.e., the subpoenas) from Jet's point of view.  *See ECL Grp., LLC v. Mass*, 2018 WL 949235, at *4 (N.D. Tex. Feb. 20, 2018) (Fitzwater, J.); *see also S. Auto Elec. v. Tackett*, 2020 WL 401916, at *2 (W.D. La. Jan. 23, 2020) ("The amount in controversy is generally assessed from the viewpoint of the plaintiff."); *Dominion Homeowners Ass'n v. Rhema Intern. Found.*, 2013 WL 5592938, at *3 (W.D. Tex. Oct. 10, 2013) (collecting cases); *Davis v. JPMorgan Chase & Co.*, 2011 WL 13234840, at *2 (W.D. Tex. Oct. 13, 2011) ("The Fifth Circuit appears to adhere to the 'plaintiff-viewpoint rule,' under which the value of a suit is measured by its potential benefit to the plaintiff, not its potential detriment to the defendant.").

- 8 -

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 640 (5th Cir. 2003). The parties do not dispute that the information sought by the subpoenas is the object of this litigation.

The court follows a well-established framework to analyze whether a removing party has met its burden to satisfy the amount in controversy. First, the court looks to the plaintiff's state-court petition or the defendant's notice of removal to determine the amount in controversy.[6] If the plaintiff's state-court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). But when, as here, the plaintiff's state-court petition does not demand relief of a stated sum, the court looks to the defendant's notice of removal. *Id*. The notice of removal must make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89.

Second, if the plaintiff contests the defendant's allegation in the notice of removal, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been satisfied. *Id*. at 88 (explaining that, if plaintiff contests defendant's allegation, then "both sides submit proof and the court decides, by a preponderance of the

---

[6]Here, the parties are the petitioner and respondent. Because the case law speaks of plaintiffs and defendants, the court will do so as well.

evidence, whether the amount-in-controversy requirement has been satisfied"); *see also Allee Corp. v. Reynolds & Reynolds Co.*, 2015 WL 1914663, at *3 (N.D. Tex. Apr. 28, 2015) (Fitzwater, J.). No evidence is required unless and until the plaintiff contests, or the court questions, the allegation. *See Owens*, 574 U.S. at 89. The defendant's burden "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks omitted).

Third, if the defendant produces sufficient evidence to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

C

Applying this framework, the court holds that PrimeLending has failed to establish that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

The court first looks to the state-court petition, which does not state a monetary sum.

The court then examines PrimeLending's notice of removal to determine whether it contains a plausible allegation of the amount in controversy. PrimeLending alleges that "[t]he amount in controversy exceeds $75,000 because Jet seeks an award of millions of

dollars in the underlying arbitration.  Jet argues that the information sought by the subpoenas is critical to proving its case."  Notice of Removal 3 (footnote omitted).  The parties dispute whether the allegations in PrimeLending's notice are plausible.   Jet contends that PrimeLending's allegations are vague and only point to the amount in dispute in the arbitration to establish the amount in controversy in this case—something it may not do. PrimeLending disagrees.

There is a split among courts over whether, in a case involving a subpoena, the money at issue in the underlying arbitration is relevant.  *See Maine Cmty. Health Options v. CVS Pharmacy, Inc.*, 2020 WL 1130057, at *3 (D.R.I. Mar. 9, 2020) ("As of this writing, federal district courts around the country embrace diametrically opposed approaches to the measurement of the amount in controversy [in arbitration subpoena cases], differing principally on whether and to what extent the underlying arbitration affects the outcome."); *see also Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (holding that the amount in controversy was satisfied when the removing party stated that the value of the documents sought "exceeds the sum or value of $75,000" and that if the documents were even a small percent of the potential $134 million arbitral award the amount in controversy would be satisfied); *Aetna Health Mgmt., LLC v. Benchmark Health Network, LLC*, 2020 WL 980250, at *3 (N.D. Tex. Feb. 28, 2020) (Starr, J.) (holding that amount in controversy was not satisfied when "Aetna offer[ed] the conclusory statement that the amount-in-controversy is satisfied, and mentions in the complaint that its arbitration dispute with Faith involves 'millions of dollars.'").  The court need not weigh in on this split because

- 11 -

it can assume *arguendo* that PrimeLending has made a plausible allegation that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The court can make this assumption because, as discussed below, PrimeLending has still failed to establish that the court has diversity jurisdiction.

Assuming that PrimeLending has plausibly alleged an amount in controversy, the court next holds that Jet has disputed PrimeLending's plausible allegation.  Jet maintains that PrimeLending's allegation is vague and is alone insufficient to make the required showing. Because Jet challenges PrimeLending's plausible allegation, PrimeLending has the burden of proving by a preponderance of the evidence that the jurisdictional threshold is satisfied. *See Manguno*, 276 F.3d at 723.  PrimeLending has not met this burden.

The Fifth Circuit follows a common sense approach to determine whether the defendant has met its burden with respect to the amount in controversy.  *See, e.g., Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240-41 (5th Cir. 2015) (concluding that defendants offered evidence that satisfied their burden of establishing that at least one plaintiff's claim exceeded $75,000, because defendants' evidence showed each plaintiff's specific harms, and "common sense dictat[ed]" that some of the harms—such as one plaintiff's alleged emphysema and the wrongful death of her husband, and another plaintiff's alleged prostate cancer—placed more than $75,000 at stake); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than $50,000."); *Griffin v. HSBC Bank USA*, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010)

(Lindsay, J.) (explaining that, because plaintiff sought an order rescinding foreclosure and restoring title of the property to her, the value of the property was to be used in determining the amount in controversy, and concluding that "a common-sense analysis and approach establish[ed] that the sum of [value of the property, additional damages, and attorney's fees] [was] more likely than not to exceed the jurisdictional threshold").

The court first holds that the amount in controversy is not apparent from the face of the state-court petition. As discussed, in an action for nonmonetary relief, the object of the right being sought controls. *Garcia*, 351 F.3d at 639. The state-court petition does not place a specific value on the information sought by the subpoenas, nor does it allege the amount in dispute in the underling arbitration. It also does not contain sufficient facts for the court to use common sense to conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs. The state-court petition only alleges that the information is "imperative to the resolution" of the arbitration. Orig. Pet. ¶ 7. But without establishing the amount at issue in the underlying arbitration, the court cannot use common sense to conclude that the subpoenaed information is of a value that exceeds $75,000, exclusive of interest and costs. *Cf. A & C Disc. Pharmacy, L.L.C. v. Caremark, L.L.C.*, 2016 WL 3126237, at *4 (N.D. Tex. June 3, 2016) (Fitzwater, J.) (applying common-sense approach to conclude that amount in controversy was satisfied).[7]

The court next holds that PrimeLending has failed to present any evidence beyond the

---

[7]Even if the court had doubts, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna*, 200 F.3d at 339.

allegations in its notice of removal.  In cases where removing parties have succeeded, they have at least introduced evidence (such as an affidavit) that allows the court to conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *E.g.*, *ECL Grp., LLC v. Mass*, 2018 WL 949235, at *4 (N.D. Tex. Feb. 20, 2018) (Fitzwater, J.) (describing declaration in evidence); *Allee Corp.*, 2015 WL 1914663, at *3 (same).  PrimeLending has not adduced similar evidence that tends to establish that the amount in controversy requirement is satisfied.[8]

Because PrimeLending has not shown that it is facially apparent from the state-court petition, or established by a preponderance of the evidence, that the value of the information sought by the subpoenas exceeds $75,000, exclusive of interest or costs, the court concludes that it lacks diversity jurisdiction.

V

Jet requests an award of just costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c) on the basis of the conclusory assertion that PrimeLending's removal was "wholly improper" and "without basis in the law."  Mot. to Remand 10.  Because Jet has not shown by its conclusory request that PrimeLending's removal was objectively unreasonable, the court denies it.  *See, e.g., In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.).

_____

[8]PrimeLending attaches exhibits to its notice of removal, but the exhibits only contain the state court proceeding documents, not evidence establishing the amount in controversy.

\*     \*     \*

Accordingly, placing the burden of establishing subject matter jurisdiction on PrimeLending and resolving all doubts regarding whether removal jurisdiction is proper against federal jurisdiction, the court concludes that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).[9]  The court remands this case to the 162nd Judicial District Court of Dallas County, Texas.  The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

December 14, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[9]Because the court concludes that it lacks subject matter jurisdiction, it does not address Jet's remaining argument that the state court's issuance of the subpoenas precluded PrimeLending's subsequent removal.

- 15 -